IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                              CASE NO. 4:08-CR-40009-001

BERNARDO ANTONIO RUIZ                                              DEFENDANT

## ORDER

Before the Court is Defendant Bernardo Antonio Ruiz's Motion to Dismiss For Violation of

the Petite Policy.  (Doc. 8).  Plaintiff United States of America has responded in opposition.  (Doc.

10). The Court held a hearing on the Motion to Dismiss on May 6, 2008.  (Doc. 11).  The matter is

ripe for consideration.

### I. BACKGROUND

In the early morning hours of June 7, 2007, around 2:00 a.m., Defendant Bernardo Antonio

Ruiz was driving a tractor-trailer eastbound on Interstate 30 near Hope, Arkansas.  Ruiz pulled his

rig into the weight station at mile marker twenty-six, where his truck was weighed.  After the

weighing, Arkansas Highway Police Corporal Tim Chote pulled Ruiz in for a safety inspection.

After Corporal Chote requested and inspected Ruiz's bill of lading, he opened the trailer and

instantly noticed a strong odor of marijuana.  Further inspection revealed over 1,000 pounds of

marijuana inside the trailer.  Corporal Chote, by this time assisted by Arkansas Highway Police

Officer Steve Woods, arrested Ruiz and informed him of his *Miranda* rights. Ruiz signed an

Arkansas Highway Police "Statement of Rights" form, indicating that he understood his

Constitutional rights.  Corporal Chote and Officer Woods briefly interrogated Ruiz, seeking to

discover who had loaded the marijuana into his tractor-trailed.  Around 4:00 a.m., DEA Officer

Steve Woarzecka and Task Force Officer Ray Davis arrived at the weigh station, re-informed Ruiz

of his *Miranda* rights, and conducted their own interview of Ruiz.  After answering a series of questions, Ruiz invoked his right to counsel, and the interview concluded.

Following investigation by the DEA, Officer Woarzecka referred the case to state authorities for prosecution, and Ruiz was charged with an information filed in the Circuit Court of Hempstead County, Arkansas.  (Doc. 8-3, pg. 5).   In the Motion to Dismiss, Defendant informs the Court that prior to trial, the state prosecution was placed on the dismissal docket, awaiting the outcome of the instant federal prosecution.  Ruiz has filed motions to dismiss the state prosecution on double jeopardy grounds and the motion before the Court based upon an alleged violation of  the Petite Policy.

## II. DISCUSSION

The United States Department of Justice's Dual and Successive Prosecution Policy ("Petite Policy"), U.S. Attorneys' Manual 9-2.031, is an internal guide for federal prosecutors.  The Petite Policy derives its name from the case in which its existence was first acknowledged by the Supreme Court, *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). Generally speaking, the Petite Policy provides that a federal prosecution should not be based on substantially the same conduct as was the basis of a prior state prosecution unless a substantial federal interest is involved. *See Rinaldi v. United States*, 434 U.S. 22, 28-29, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977).  Specifically, the Petite Policy provides, in pertinent part:

> This policy applies whenever there has been a prior state or federal prosecution resulting in an acquittal, a conviction, including one resulting from a plea agreement, or a dismissal or other termination of the case on the merits after jeopardy has attached.

U.S. Attorneys' Manual 9-2.031.  The Petite Policy is concerned with fairness to a defendant, and

2

"the fairness concern ... is hardly compelling in a context where there has been no determination of guilt or innocence in the state prosecution, and no burden of trial on the defendant." *United States v. Nelligan*, 573 F.2d 251, 254-55 (5th Cir. 1978).  As indicated above, Ruiz's state prosecution has been placed on the dismissal docket.  Ruiz has not been acquitted or convicted; nor has the state case against him been terminated on the merits after jeopardy has attached.  By its own language, the Petite Policy does not apply to the situation before the Court.

Assuming, *arguendo*, the Petite Policy did apply to the situation before the Court, Ruiz would not be entitled to relief.  Courts have uniformly held that a criminal defendant cannot invoke the Petite Policy as a bar to federal prosecution.  *See, e.g.*, *United States v. Snell*, 592 F.2d 1083 (9th Cir. 1979); *United States v. Michel*, 588 F.2d 986, 1003 (5th Cir. 1979)(citing *United States v. Nelligan*, 573 F.2d at 255 *cert denied*, 444 U.S. 825, 62 L.Ed.2d 32, 100 S.Ct. 47; *United States v. Musgrove*, 581 F.2d 406 (4th Cir. 1978); *United States v. Wallace*, 578 F.2d 735 (8th Cir. 1978).  *Wallace* makes clear that even a Petite Policy *violation* is not a basis to invalidate a successive federal conviction. 578 F.2d at 740, n. 3 (emphasis added).  In *United States v. Thompson*, the Tenth Circuit stated:

> Our view is that [the Petite Policy] is *at most a guide* for the use of the Attorney General and the United States Attorneys in the field.  Therefore, we must disagree with the defendant's contention that it was capable of conferring a right upon him.

579 F.2d 1184, 1189 (10th Cir. 1978)(emphasis added); *see also* Jean F. Ryderstrom, *Effect on Federal Criminal Prosecution or Conviction of Prosecutor's Noncompliance With Petite Policy Requiring Prior Authorization of Attorney General for Federal Trial Where Accused Has Been Previously Prosecuted for Same Acts in State Court*, 51 A.L.R. Fed. 852 (1981).  Accordingly, upon review of the briefs and relevant authorities, the Court is satisfied that the Petite Policy fails to shield

3

Defendant Ruiz from the instant prosecution.

III. CONCLUSION

For reasons stated herein and above, Defendant Bernardo Antonio Ruiz's Motion to Dismiss

For Violation of the Petite Policy should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 8th day of May, 2008.

      /s/Harry F. Barnes     <br>Hon. Harry F. Barnes<br>United States District Judge

4